UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | 26MJ3156 PA | | Date | June 15, 2026 |
|---|---|---|---|---|

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

Interpreter

| Kamilla Sali-Suleyman | Not Reported | Jena A. Maccabe |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Michael Angel Alvarez | | X | | Gary P. Burcham | | X | |

Proceedings:    (IN CHAMBERS) ORDER REGARDING THE GOVERNMENT'S APPLICATION FOR REVIEW OF MAGISTRATE JUDGE'S BAIL ORDER [DOCKET NO. 15]

Before the Court is the United States of America's Application for Review or Reconsideration of Order Setting Conditions of Release or Detention and Request for Hearing. (Docket No. 15) ("Application"). Counsel for Defendant Michael Angel Alvarez ("Defendant") has filed his Opposition to the Application. (Docket No.19) The Court finds this matter appropriate for decision without oral argument. The hearing calendared for June 17, 2026, is vacated and taken off-calendar.

## I.    BACKGROUND

Defendant is charged with a violation of 18 U.S.C. § 931, Violent Felon in Possession Body Armor. (See Docket No. 1 ("Complaint").) The Complaint alleges that Defendant illegally possessed two body armor plates despite being a violent convicted felon. (See id. at pg. 2.)

On June 3, 2026 a detention hearing was held. The government moved for detention pending trial pursuant to 18 U.S.C. § 3142(e) and § 3142(f). In support of its request, the government offered the Complaint, an affidavit filed in support of the Complaint, recorded jail calls, and the Pretrial Services Report ("PTSR"). The government proffered that Defendant committed this offense while serving a probationary term for a weapons offense after serving 24-year term of imprisonment for murder. The PTSR detailed Defendant's extensive criminal history and noted that Defendant was a member of the 18th Street criminal street gang. The PTSR recommended detention based on the nature and circumstances of the alleged offense, Defendant's continuing and escalating pattern of criminal activity, and his gang ties. The PTSR concluded that there appeared to be no condition or combination of conditions that could mitigate the risk of danger to the community.

According to the government, Defendant admitted possessing the body armor underlying the charged offense, acknowledged his prior murder conviction, and admitted both his membership in and leadership role within the 18th Street gang. The government further proffered evidence that Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

boasted about personally "super marking out" – that is, disciplining – a fellow gang member.  The government also relies on Defendant's criminal history, which includes a first-degree murder conviction arising from a gang-related killing that Defendant allegedly carried out by personally and intentionally shooting the victim to further the activities of a criminal street gang.  While serving a sentence of fifty years to life for that offense, Defendant was convicted of possessing a weapon in prison.  Following his release, Defendant was placed on probation.  During that probationary period, and notwithstanding his employment by the City of Los Angeles as a "Peace Ambassador" tasked with violence-prevention efforts, Defendant was arrested for allegedly working with others to transport gambling machines from an illegal casino.

At the detention hearing, the government argued that detention was necessary because Michael Angel Alvarez posed a continuing danger to the community and could not be trusted to comply with release conditions.  The prosecutor emphasized his prior murder conviction, lengthy criminal history, recent conviction for possessing a weapon while incarcerated, and alleged continued involvement with the 18th Street gang following his release from prison.  The government relied on recorded statements and jail calls that allegedly showed Defendant maintained a leadership role within the gang and personally participated in gang discipline and violence.  The government also argued that Defendant's possession of high-level body armor while on probation demonstrated that prior incarceration, supervision, employment, and the threat of punishment had failed to deter him, making detention the only means of protecting the community.

The defense contended that Defendant had made substantial efforts to rehabilitate himself since his release in 2024 after serving approximately twenty-five years in prison for a crime committed when he was a juvenile.  Counsel emphasized that Defendant worked more than sixty hours per week at two jobs, including as a Peace Ambassador whose responsibilities required interaction with gang members to prevent violence and mediate conflicts.  The defense argued that the government's evidence of gang contacts was consistent with that employment rather than criminal activity.  Counsel also highlighted Defendant's strong family support, stable residence, lack of substance-abuse issues, and the relatively modest nature of the charged offense, which involved two armor plates found in a vehicle trunk.  The defense maintained that any concerns could be addressed through strict conditions such as GPS monitoring, curfews, and prohibitions on gang contact.

The Magistrate Judge acknowledged the seriousness of the government's concerns and stated that he was "on the fence" regarding release.  Nevertheless, he ultimately concluded that detention was not warranted and that the risks identified by the government could be managed through stringent conditions.  The court ordered Defendant released on a $10,000 appearance bond secured by a family surety and imposed extensive conditions, including pretrial supervision, location monitoring, travel restrictions, employment approval, treatment requirements, searches, and a complete prohibition on contact with gang members.  The court stayed the release order for two days to allow the government to seek review by the district court.  The government thereafter filed this Application for Review and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

requested a stay of Defendant's release pending resolution of the Application.  The Court granted the requested stay.

Having conducted a de novo review of the record, the Court now concludes that the government has established by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.[1]  Accordingly, for the reasons that follow, the government's Application is GRANTED, the Magistrate Judge's release order is VACATED, and Defendant shall remain detained pending trial.

## II.     LEGAL STANDARD

Section 3142 of Title 18 of the United States Code allows a judicial officer to release a person pending trial on a condition or combination of conditions.  See 18 U.S.C. § 3142(a).  The statute states that a judicial officer shall order a person's pretrial release on personal recognizance or upon execution of an unsecured appearance bond, unless the judicial officer "determines that such release will not reasonably assure the appearance of the persons required or will endanger the safety of any other person or the community."  18 U.S.C. § 3142(b).  If the judicial officer determines that the person's release on personal recognizance or upon an unsecured appearance bond would endanger the safety of the community or would not reasonably assure the person's appearance, the judicial officer may order pretrial release subject to a conditions or various conditions.  See 18 U.S.C. § 3142(c).  "A finding that a defendant is a danger to any other person or the community must be supported by 'clear and convincing evidence.'"  United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008) (quoting 18 U.S.C. § 3142(f)(2)(B)).

In determining whether a particular defendant should be released or detained pending trial, courts must consider the factors set forth in 18 U.S.C. § 3142(g).  United States v. Santos-Flores, 794 F.3d 1088, 1090 (9th Cir. 2015).  Those factors include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the person's release.  United States v. Winsor, 785 F.2d 755, 757 (9th Cir. 1986) (per curiam) (citation omitted).  Although "the weight of the evidence is the least important of the evidence of the various factors," it may be "considered in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community."  United States v. Motamedi, 767 F.2s 1403, 1408 (citing United States v. Honeyman, 470 F.2d 473, 474 (9th Cir. 1972); 18 U.S.C. § 3142(g); United States v. Edson, 487 F.2d 370, 372 (1st Cir. 1973)).

---

[1]     Because the Court concludes that Defendant's release would endanger the safety of others and the community it does not consider the issue of whether there are conditions of release that would assure Defendant's appearance for trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

In reviewing a magistrate judge's pretrial release or detention determination, the district court must "make its own 'de novo' determination of facts." United States v. Koenig, 912 F.2d 1190, 1193 (9th Cir. 1990). "[T]he district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." Id. However, "[i]t should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." Id. The district court may hold additional evidentiary hearings and consider evidence that was not presented to the magistrate. Id.

## III.    DISCUSSION

The Bail Reform Act requires detention where the Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. 18 U.S.C. § 3142(e). In making that determination, the Court considers the factors set forth in § 3142(g): the nature and circumstances of the offense charged, the weight of the evidence, the defendant's history and characteristics, and the nature and seriousness of the danger posed by release.

The Court acknowledges that the charged offense, possession of body armor by a person previously convicted of a crime of violence, is not among the offenses that trigger a statutory presumption of detention. Nevertheless, the circumstances surrounding the offense are highly relevant. The Complaint alleges that defendant possessed body armor while serving a term of probation imposed following a prison weapons conviction and after having previously served approximately twenty-four years in custody for a gang-related murder. The alleged possession occurred against the backdrop of evidence suggesting continuing involvement in gang activities and gang leadership. These circumstances distinguish this case from one involving isolated or technical possession of prohibited equipment.

The weight of the evidence favors detention. According to the government's proffer, defendant admitted possessing the body armor, admitted the prior conviction that rendered such possession unlawful, and made statements reflecting an ongoing leadership role within a criminal street gang. The government also offered recorded communications corroborating defendant's authority within the gang and his involvement in directing or approving disciplinary actions against other gang members. For purposes of detention, the Court finds the evidence substantial.

The defendant's history and characteristics strongly support detention. Defendant was previously convicted of a gang-related murder involving the intentional killing of another person. While incarcerated, he incurred a separate conviction for possession of a weapon. Following his release, he allegedly resumed a position of influence within the 18th Street gang while on supervision. Most significant to the Court is the demonstrated pattern of criminal conduct notwithstanding prior incarceration, probationary supervision, and the serious consequences attendant to violations of those conditions. The record reflects Defendant's repeated failures to conform his conduct to lawful requirements even under circumstances providing substantial incentive to do so.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

The Court further finds by clear and convincing evidence that defendant presents a serious danger to the community.  The danger contemplated by the Bail Reform Act is not limited to the risk of physical violence, but includes the risk of continued criminal activity, intimidation, obstruction, and the exercise of influence through criminal organizations.  The government's proffered evidence reflects alleged leadership of a violent criminal street gang, involvement in disciplining gang members, statements concerning cooperators and individuals no longer "welcome" within the organization, and possession of body armor notwithstanding a legal prohibition.  The Court finds that these facts demonstrate a continuing capacity to direct, encourage, or facilitate criminal conduct.

The Court has considered whether any combination of conditions could reasonably mitigate that danger.  The Court concludes that they cannot.  Electronic monitoring, home confinement, location restrictions, association restrictions, reporting requirements, searches, and financial conditions all depend to a substantial degree on the defendant's willingness to comply.  The record before the Court demonstrates repeated noncompliance with legal restrictions imposed during prior periods of incarceration and supervision.  Given defendant's demonstrated history, the Court finds that no proposed condition or combination of conditions would reasonably assure community safety.

Accordingly, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

IT IS THEREFORE ORDERED that the Magistrate Judge's Order Setting Conditions of Release is reversed.  Defendant Michael Angel Alvarez is detained pending trial pursuant to 18 U.S.C. § 3142(e) and (f).

IT IS SO ORDERED.